UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN M. F.,

                               Plaintiff,

v.                                                                                          1:20-CV-1073
                                                                                             (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KRISTINA COHN, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 14.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

## A. Factual Background

Plaintiff was born in 1952. (T. 102.) She completed high school. (T. 200.) Generally, Plaintiff's alleged disability consists of arthritis, "spine problems," blood clots, thyroid nodules, allergies, and high blood pressure. (T. 199.) Her alleged disability onset date at the time of her application was January 1, 2005. (T. 102.) Her date last insured is December 31, 2013. (*Id*.) Her past relevant work consists of electrologist. (T. 200.)

## B. Procedural History

On February 27, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 102.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 28, 2019, Plaintiff appeared before the ALJ, Stephen Cordovani. (T. 45-93.) On March 21, 2019, ALJ Cordovani issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-26.) On June 15, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

## C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-23.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2013 and Plaintiff had not engaged in substantial gainful activity since her amended onset date of August 30, 2013. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of: history of deep vein thrombosis

2

("DVT") with Plaintiff in a hypercoagulable state with ongoing anticoagulant treatment; obesity; and degenerative disk disease of the neck and spine. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except Plaintiff:

> can only occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; [Plaintiff] can only occasionally kneel, crouch or crawl; and [Plaintiff] cannot perform work at unprotected heights or around dangerous moving mechanical parts or sharp instruments.

(T. 19.)[1] Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 22-23.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ's selected onset was not supported by substantial evidence. (Dkt. No. 11 at 15-17.) Second, Plaintiff argues the ALJ failed to fully develop the record. (*Id.* at 17-18.) Third, and lastly, Plaintiff argues the ALJ's RFC was based on his lay opinion. (*Id.* at 18-20.) Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 13.)

### B. Defendant's Arguments

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 404.1567(c).

In response, Defendant makes three arguments.  First, Defendant argues the ALJ properly evaluated the relevant period under review.  (Dkt. No. 12 at 5-6.)  Second, Defendant argues the ALJ properly developed the record.  (*Id*. at 6-7.)  Third, and lastly, Defendant argues the ALJ properly determined the RFC based on the evidence as a whole.  (*Id*. at 8-11.)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  See *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there

are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.   Onset Date

Plaintiff argues the ALJ erred in finding an onset date of August 30, 2013 instead of August 20, 213.  (Dkt. No. 11 at 15-16.)  Plaintiff asserts this error was harmful because an onset date of August 30, 2013 excluded critical treatment records and shortened the relevant time period between onset date and date last insured.  (*Id*. at 16-17.)  Defendant counters that any error was harmless because the ALJ evaluated the correct relevant period under review.  (Dkt. No. 12 at 5-6.)  For the reasons outlined below, any error in determining Plaintiff's onset date was harmless.

A plaintiff's onset date of disability is the first date on which she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In her application for benefits, Plaintiff alleged on onset date of January 1, 2005.  (T. 102.)  Plaintiff's counsel filed a pre-hearing brief in which she requested an amended onset date of August 20, 2013 and also referred to an amending onset date of May 2013.  (T. 236.)  The May 2013 date appears to be a typographical error.  At her February 2019 hearing, Plaintiff through counsel requested that her onset date be amended to August 20, 2013.  (T. 51.)  Plaintiff asserts positive findings in treatment notations dated August 20, 2013 support the amended onset date.   (T. 50-51, 360-361.)

Here, any error committed by the ALJ in determining Plaintiff's alleged onset was August 30th instead of August 20th was ultimately harmless.  The ALJ's decision contained a typographical error and it is obvious from the decision as a whole that the error did not substantively change the outcome of the case. *See Whitley v. Comm'r of Soc. Sec.*, No. 17-CV-6664, 2019 WL 2117667, at *3 (W.D.N.Y. May 15, 2019) ("Where, as here, an ALJ's decision contains typographical mistakes, the error can be harmless if it is obvious from the decision as a whole that the error is ministerial and not substantive."); *see Brewerton v. Barnhart*, 235 F.R.D. 574, 578 (W.D.N.Y. 2006) (typographical error that did not affect outcome of case was harmless and did not warrant remand).

The ALJ's typographical error had no impact on the outcome of the case.  The ALJ discussed treating source Dr. Robert Erickson's August 20, 2013 treatment note, which Plaintiff argues supported her amended alleged onset date.  (Dkt. No. 11 at 15; T. 18-19, 21, 253.)  Indeed, in his decision the ALJ considered treatment notations prior to August 2013 through Plaintiff's date last insured of December 31, 2013.  (T. 19-22.)  The ALJ also took into consideration treatment notations provided well after Plaintiff's date last insured.  (T. 21.)  Because the ALJ properly considered the evidence from Plaintiff's treating source dated August 20, 2013 in his analysis of Plaintiff's claim, Plaintiff was not harmed by the error.  *See Zabala v. Astrue,* 595 F.3d 402, 409 (2d Cir. 2010); *Pollard v. Hatter,* 377 F.3d 183, 189 (2d Cir. 2004).  Therefore, remand is not required to remedy the ALJ's amended onset date error.

    **B.**    **Consultative Examination**

Plaintiff argues the ALJ should have further developed the record by ordering a consultative examination because there was insufficient evidence in the record to rate Plaintiff's claim prior to the date last insured and because the only opinions in the record were provided by non-examining State agency medical consultants who opined the record was insufficient to make a determination. (Dkt. No. 11 at 17-18.) Defendant argues the ALJ was under no obligation to order consultative examinations. (Dkt. No. 12 at 6-7.)

The relevant regulations state a consultative examination is ordered at the Administration's request, on an individual case basis, and when appropriate. See 20 C.F.R. § 404.1519. A consultative examination is useful to "try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision" on the claim. Id. § 404.1519a(b). However, an ALJ is not required to order a consultative examination if the facts do not warrant or suggest the need for it. Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 32 (2d Cir. 2013) (citing Lefever v. Astrue, 5:07-CV-622, 2010 WL 3909487, at *7 (N.D.N.Y. Sept. 30, 2010), aff'd 443 F. App'x. 608 (2d Cir. 2011)); see also Yancey v. Apfel, 145 F.3d 106, 114 (2d Cir.1998) (ALJ did not neglect duty to develop record by failing to order consultative psychological examination where the only evidence suggesting an issue was doctor's statement to plaintiff that the problems were "in her head"). If the evidence in the record is sufficient to render a decision on the plaintiff's disability, an ALJ is not required to order a consultative examination. See Id. § 404.1517; see Hamilton v. Comm'r of Soc. Sec., No. 18-CV-1509, 2020 WL 4283895, at *3 (W.D.N.Y. July 27, 2020) (the available record presented no information that required

interpretation by a clinical or consultative professional).  For the reasons outlined herein, the ALJ was not required to order a consultative examination because the record, although sparse, was sufficient for the ALJ to render a decision.

The non-examining Stage agency medical consultant James Lawrence, M.D., opined the medical evidence available supported "medical impairments;" however, he concluded the record contained insufficient evidence prior to the date last insured, December 31, 2013, to "rate [Plaintiff's] claim."  (T. 97, 447.)  Dr. Lawrence provided his opinion on May 18, 2017 and reviewed records dated January 28, 2013; August 20, 2013; September 17, 2013; and December 23, 2013.  (*Id*.)  Plaintiff argues, "[g]iven the fact that the state agency consultants opined that there was insufficient evidence in the record to rate Plaintiff's claim prior to the date last insured and that said opinions were the only medical opinions of record; the ALJ had a duty to develop the record further with regard to Plaintiff's limitations and order consultative examination to assess Plaintiff's functional limitations and date of onset."  (Dkt. No. 11 at 18.)[2]

The relevant time period in question is very narrow.  Plaintiff applied for SSD benefits only, and therefore must establish she became disabled on or before her date last insured of December 31, 2013.  Additionally, Plaintiff's amended onset date is August 20, 2013.  (T. 51.)  Therefore, the relevant time period is between August 20, 2013 and December 31, 2013.

Here, the record is complete and the ALJ was not obligated to obtain a consultative examination.  Treatment records from Plaintiff's primary care physician

---

[2]   Of note, it is unclear what useful information an examination performed more than seven years after Plaintiff's date last insured could provide regarding Plaintiff's abilities during the relevant time period.

9

indicated she was "feeling well."  (T. 243, 351, 363, 366, 460.)  Notations stated Plaintiff's hypertension was well-controlled on medication.  (T. 243, 363, 366, 372, 384, 460.)  Although she complained of back pain, Plaintiff had a normal gait, no back tenderness, normal range of motion and strength in the extremities, and she was neurologically intact throughout the relevant period, and even beyond the date last insured.  (T. 244, 247, 250, 268, 289, 300, 352, 356, 358, 364, 367, 374, 377, 380, 383, 387, 390, 393, 396, 400, 442, 457, 461, 481, 485, 496.)  Also, while Plaintiff complained on August 20, 2013, of right thoracic pain and had a limping gait she had full range of motion throughout the extremities and was neurologically intact.  (T. 253.)  On September 17, 2013, a whole-body bone scan showed no abnormalities along the thoracic spine and "uptake possibly suggestive of facet arthropathy."  (T. 255.)  After experiencing an allergic skin reaction to Coumadin for treatment of DVT, Plaintiff responded well to Xeralto, and her condition was stable on medication.  (T. 250, 269, 273, 363, 368.)

      As further outlined below, the above evidence, taken together with other evidence in the record, provided sufficient information upon which the ALJ could formulate the RFC.  Plaintiff had a duty to prove a more restrictive RFC, and failed to do so.  42 U.S.C. § 423(d)(5); *Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) (summary order) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").  Therefore, the ALJ did not commit error in failing to order a consultative examination.

    **C.**    **RFC Determination**

Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence because the ALJ did not rely on a medical opinion and failed to make specific citation to the record to support his RFC. (Dkt. No. 11 at 18-19.)

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

An ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. An RFC finding "is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r Soc. Sec.*, No. 20-1472, -- F. App'x ---, 2021 WL 1942331, *2n.3 (2d Cir. May 14, 2021); *see* 20 C.F.R. § 404.1527(d)(2). The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his

11

decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Here, the ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination. *Curry*, 2021 WL 1942331 at *2n.3. Although the record was sparse, the ALJ based his RFC determination on the information provided, and substantial evidence supported the ALJ's determination. As held in *Biestek v. Berryhill*, substantial evidence is "more than a mere scintilla" and "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (internal citations and quotations omitted); *see also Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) (summary order) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").

The record contained "more than a mere scintilla" of evidence regarding Plaintiff's functional abilities and the ALJ's analysis of the evidence in the record was adequate to establish a link between the evidence and the RFC. As outlined above, the ALJ relied on objective observations by medical sources and Plaintiff's statements to those sources in formulating the RFC. The ALJ also properly relied on Plaintiff's ability to perform activities of daily living which supported the ALJ's RFC finding. Plaintiff reported that she lived alone, shopped biweekly, drove, and prepared easy meals. (T. 52, 55, 69); *see Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980) (finding that activities such as cooking, sewing, shopping, and washing, even though performed "slowly" and

with "an afternoon rest," in conjunction with other evidence, supported RFC).  Therefore, contrary to Plaintiff's assertion, the ALJ did not err in formulating an RFC absent a medical opinion.  Although the record was sparse, it contained more than a mere scintilla evidence from which the ALJ could formulate an RFC.

The ALJ has the duty to evaluate conflicts in the evidence.  *See* 20 C.F.R. § 404.1567(c)(i); *Monroe,* 676 F. App'x at 7 ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:       June 3, 2021

_____
William B. Mitchell Carter
U.S. Magistrate Judge